# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
:
ROBERT SMITH                                : CASE ACTION NO.
    *Plaintiff*                              :
:
VS.                                         : TRIAL BY JURY REQUESTED
:
FEDEX GROUND PACKAGE SYSTEM, INC.           : OCTOBER 10, 2013
    *Defendant*                              :
---------------------------------------------------------------x

## COMPLAINT

1. At all times set forth herein, the Plaintiff, Robert Smith, was a resident of Hartford, Connecticut.

2. At all times set forth herein, the Defendant, FedEx Ground Package System, Inc., was a corporation organized under the laws of the State of Delaware.

3. The Defendant operates a national package and ground freight delivery service.

4. Defendant maintains a distribution hub where it receives and forwards packages in the course of delivery at 49 FedEx Drive in Middletown, Connecticut.

5. Defendant hired Plaintiff as a Package Handler at the aforesaid Middletown business location in 2016.

6. In this position, Plaintiff was responsible to unload and load packages from trailers as they traveled in the course of delivery.

7. On June 6, 2020, Plaintiff was involved in a motor vehicle accident in Rhode Island that caused him to be admitted to the hospital there and undergo emergency surgery.

8. After being release from surgery, Plaintiff called the Defendant on June 7, 2020 and left a message on the call-out voicemail indicating that he had been involved in a serious motor vehicle accident, had been hospitalized, and required surgery.

9. The following day, June 8, 2020, Plaintiff called Defendant and spoke to a person indicating that he remained hospitalized following surgery and that he did not know when he would be released from the hospital.

10. Plaintiff stated that as soon as he had more information he would provide it to Defendant.

11. Thereafter, Plaintiff's physicians at the hospital in Rhode Island provided him with a series of work status notes indicating that he was unable to work, first through June 27, 2020, then through July 13, 2020, then through July 27, 2020, then through August 10, 2020, and finally through August 27, 2020.

12. Upon receipt of each work status note, Plaintiff faxed the note to the Defendant.

13. Despite receipt of these notes and notice of Plaintiff's medical condition and inability to work, Defendant never advised Plaintiff that he was eligible for leave under the Family Medical Leave Act ("FMLA"), or provided him with any paperwork advising him of his rights under the FMLA.

14. Instead, on or around August 10, 2020, Defendant's human resources representative called the Plaintiff and informed him that his employment was being terminated due to his failure to return to work.

**FIRST COUNT:**     **Interference in violation of FMLA 29 U.S.C. § 2612 *et seq*.**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 14 above as Paragraphs 1 through 14 of this First Count, as if fully set forth herein.

15. At all times relevant hereto, the Defendant employed more than 50 employees within a 75 mile radius of the Plaintiff's place of employment.

16. At all times relevant hereto, the Plaintiff worked over 1,250 hours for the Defendant in the 12 months preceding his need for leave for his own serious health condition.

17. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was a qualified employee and entitled to a leave under the FMLA, and the Plaintiff notified the Defendant of his need for an FMLA qualifying reason, as set forth above.

18. The Defendant interfered with Plaintiff's rights under the FMLA in one or more of the following ways:

   a. Failed to notify him that he was eligible for leave under the FMLA;

   b. Failed to notify him whether his leave was being designated as leave under the FMLA;

   c. Failed to grant Plaintiff the leave of absence he was entitled to under the FMLA; and / or,

   d. Failed to reinstate him to his position following a leave of absence under the FMLA.

19. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered and will continue to suffer, lost wages and benefits, as well as other consequential losses and damages.

20. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and will incur, attorney's fees and costs.

**THIRD COUNT:**          **Retaliation in violation of the FMLA 29 U.S.C. § 2612** *et seq.*

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 14 above as Paragraphs 1 through 14 of this Second Count, as if fully set forth herein.

15. At all times relevant hereto, the Defendant employed more than 50 employees within a 75 mile radius of the Plaintiff's place of employment.

16. At all times relevant hereto, the Plaintiff worked over 1,250 hours for the Defendant in the 12 months preceding her need for leave to care for son.

17. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was a qualified employee and entitled to a leave under the FMLA, and the Plaintiff to take a leave under the FMLA for which she was eligible, as set forth above.

18. The Plaintiff was retaliated against and subject to adverse employment action for exercising and / or attempting to exercise his rights under the FMLA.

19. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered and will continue to suffer, lost wages and benefits, as well as other consequential losses and damages.

20. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and will incur, attorney's fees and costs.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Monetary damages;

2. Front pay or reinstatement;

3. Costs and reasonable attorney's fees incurred in connection with this action;

4. Such additional or alternative relief as is allowed by law.

>THE PLAINTIFF,
>ROBERT SMITH
>
>By: _____
>Michael J. Reilly, Esq.
>Federal Bar No. ct28651
>CICCHIELLO & CICCHIELLO, LLP
>364 Franklin Avenue
>Hartford, Connecticut  06114
>Tel: (860) 296-3457
>Fax: (860) 296-0676
>Email: mreilly@cicchielloesq.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------x
                                                    :

ROBERT SMITH                              :        CASE ACTION NO.
    *Plaintiff*                                  :
                                                    :
VS.                                                 :        TRIAL BY JURY REQUESTED
                                                    :
FEDEX GROUND PACKAGE SYSTEM, INC.  :        OCTOBER 10, 2013
    *Defendant*                                 :
---------------------------------------------------------------x

**REQUEST FOR TRIAL BY JURY**

Plaintiff hereby requests trial by jury in the above-captioned matter.

                                            THE PLAINTIFF,
                                            AMANDA GONZALEZ

                                            By: _____
                                            Michael J. Reilly, Esq.
                                            Federal Bar No. ct28651
                                            Cicchiello & Cicchiello, LLP
                                            364 Franklin Avenue
                                            Hartford, Connecticut  06114
                                            Tel: (860) 296-3457
                                            Fax: (860) 296-0676
                                            Email: mreilly@cicchielloesq.com